## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LORI LEVEROCK,

     Plaintiff,                   CASE NO.

v.

EDISON, PATRICK & ASSOCIATES,
INC.,

     Defendant.

_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LORI LEVEROCK ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, EDISON, PATRICK & ASSOCIATES, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant is located in and conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Palm Harbor, Pinellas County, Florida

and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Jacksonville, Florida.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant placed approximately two (2) collection calls to Plaintiff's place of employment and told Plaintiff's manager that Plaintiff needed to call Defendant back because a decision had been made on Plaintiff's case.

13. Defendant told Plaintiff that Plaintiff could face jail time.

14.    Defendant told Plaintiff that Plaintiff had a case pending for bad check.

15.    Defendant placed approximately one (1) collection call to Plaintiff's cell phone everyday.

16.    Defendant placed up to two (2) collection calls to Plaintiff's home phone number everyday.

17.    Defendant contacts Plaintiff at telephone number 727-786-1248 from telephone number 904-638-9258.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

18.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)    Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify themselves, or failed to state that collector is confirming or correcting location information.

b)    Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once, unless requested to do so.

c)    Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that the consumer owes any debt.

d)    Defendant violated *§1692c(B)* of the FDCPA by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

e)    Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

f)    Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring or engaged any person in telephone conversations repeatedly.

VERIFIED COMPLAINT                                                3

g) Defendant violated *§1692e* of the FDCPA by false, deceptive, or misleading representation or means in connection with the debt collection.

h) Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, or legal status of the alleged debt.

i) Defendant violated *§1692e(4)* of the FDCPA by stating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

j) Defendant violated *§1692e(5)* of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

k) Defendant violated *§1692e(7)* of the FDCPA by representing that consumer committed any crime or other conduct in order to disgrace the consumer.

l) Defendant violated *§1692e(10)* of the FDCPA by any false representation or deceptive means to collect a debt or obtain information about a consumer.

Defendant for the following:

19. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax:    (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LORI LEVEROCK hereby demands trial by jury in this action.

**VERIFICATION OF COMPLAINT AND CERTIFICATE**

STATE OF FLORIDA)

      Plaintiff, LORI LEVEROCK, says as follows:

1.     I am a Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, LORI LEVEROCK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12/10/10                      *Lori Leverock*
                                      LORI LEVEROCK,
                                        Plaintiff